## City of Philadelphia, to use, v. Woodside.

*Plaintiff's sale—Real estate—Redemption—Trusts and trustees—Act of June 4, 1901.*

1. Under the Municipal Claim Law of June 4, 1901, P. L. 376, the purchaser at the sheriff's sale, on a lien for water-pipe, is not invested with any title to the land, and the owner's title is not divested by the sale.

2. In such case, the purchaser takes only an inchoate title which requires the lapse of a year from the date of the sheriff's sale to ripen into an absolute title.

3. If, before the expiration of the year, the owner seeks to redeem the property, the purchaser, upon payment of the amount which the sheriff received, must release his claim of title.

4. A testamentary trustee in whom title to one-half of the land is vested is an owner within the meaning of the Act of June 4, 1901, P. L. 364, 376, who may redeem the land.

5. If the amount of the purchase money is paid to redeem the land, the release or quit-claim deed should be made to the trustee and the heirs of testator as co-tenants as their interests may appear.

Rule to show cause why purchaser at sheriff's sale should not reconvey upon payment of redemption money. C. P. No. 5, Phila. Co., June T., 1903, Nos. 630 and 631.

*Gable, Vaughan & Gaul,* for use-plaintiff.

*Orr, Hall & Williams,* for Penna. Co. for Ins. on Lives, etc.

MARTIN, P. J., March 27, 1928.—A claim for $29 for water pipe was filed Sept. 5, 1903, against property on the west side of Edgewood Street, 46 feet south of Lansdowne Avenue, in the 34th Ward of the City of Philadelphia; containing in front 29 feet and in depth 83 feet 1¼ inches. On Sept. 25, 1917, judgment for want of an affidavit of defense was entered and damages assessed at $54.29. A *lev. fa.* was issued and the property was sold to Samuel C. J. Roth on Aug. 1, 1927, for $50, and a sheriff's deed was delivered to him on Aug. 9, 1927. On Jan. 18, 1928, upon the filing of a petition, a rule was granted to show cause why the Pennsylvania Company for Insurances on Lives and Granting Annuities, trustee under the will of Robert Woodside, deceased, for itself and its co-tenants, should not redeem the premises from sheriff's sale.

The petition for the rule averred that petitioner was appointed trustee under the will of Robert Woodside, deceased; that John Woodside, now deceased, was the owner of the premises in fee simple, and, being seized thereof, died Dec. 7, 1876; and by the terms of his will, John Woodside devised the premises to his two surviving brothers, Robert Woodside and William Woodside; that Robert Woodside, being seized of a one-half share in the premises, died Aug. 15, 1889, and by his will devised the premises to his trustee, and that petitioner was duly appointed trustee under the will of Robert Woodside; that William Woodside being seized of the other undivided half interest died and his share in said property became vested in his heirs.

An answer was filed in which the averments of the petition were not denied, but alleging that the petitioner was not authorized to represent the heirs of Robert Woodside.

The Act of June 4, 1901, § 33, P. L. 376, provides that "the owner of any property sold under a tax or municipal claim . . . may redeem the same at any time within one year from the date of the acknowledgment of the sheriff's deed therefor, on payment of the amount paid at said sale."

The petitioner, as trustee under the will of Robert Woodside, is an owner of the property, entitled to a one-half interest, in common with the heirs of William Woodside.

City of Philadelphia, to use, *v.* Woodside.

The purchaser at sheriff's sale is not invested with any title to the land, and the owners' title was not divested by the sale. The purchaser takes only an inchoate title which requires the lapse of a year from the date of the sheriff's sale to ripen into an absolute title; but if before the expiration of the time the petitioner, as owner, seeks to redeem the property, the purchaser, upon payment of the amount which the sheriff received, should release his claim of title.

The question was raised by the purchaser as to whom he shall make conveyance. The owners' title has not been divested; therefore, the release or quit-claim deed to be signed by the purchaser should be made to the petitioner and the heirs of William Woodside as their interests may appear.

And now, to wit, March 27, 1928, it is ordered and decreed that the rule granted in the above entitled cause be made absolute; and that Samuel G. J. Roth be directed to execute and deliver a deed for the premises purchased by him at sheriff's sale to the Pennsylvania Company for Insurances on Lives and Granting Annuities, trustee under the will of Robert Woodside, deceased, and its co-tenants, the heirs of William Woodside, as their interests may appear.